J-S14021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN PAUL COVERT | : | |
| | : | |
| Appellant | : | No. 4 MDA 2021 |

Appeal from the Judgment of Sentence Entered November 23, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0005480-2012

BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JUNE 09, 2021**

Appellant, John Paul Covert, appeals from the November 23, 2020 Judgment of Sentence of 1 to 5 years' incarceration entered in the Dauphin County Court of Common Pleas following the revocation of his probation.  With this appeal, Appellant's counsel has filed a Motion to Withdraw as Counsel and an **Anders**[1] Brief.  After careful review, we affirm Appellant's Judgment of Sentence and grant counsel's Motion to Withdraw.

The relevant facts and procedural history are as follows.  On February 12, 2013, Appellant entered a negotiated guilty plea to one count each of conviction of Dissemination of Explicit Sexual Materials to a Minor, Unlawful Contact with a Minor, Corruption of Minors, Criminal Solicitation—Involuntary Deviate Sexual Intercourse ("IDSI"), Criminal Solicitation—Statutory Sexual

---

[1] **Anders v. California**, 386 U.S. 738 (1967).

Assault, Criminal Solicitation—Indecent Assault, and Criminal Attempt—Dissemination of Explicit Sexual Materials to a Minor.[2]

Pursuant to the negotiated agreement, on May 23, 2013, the trial court sentenced Appellant to 2½ to 5 years' incarceration on the Criminal Solicitation—IDSI. On the Dissemination of Explicit Sexual Material to a Minor and Unlawful Contact with a Minor convictions, the trial court imposed concurrent 5-year terms of probation, to be served consecutively to Appellant's prison sentence. The trial court imposed separate concurrent 5-year terms of probation for the convictions of Corruption of Minors and the Criminal Attempt to Disseminate Explicit Sexual Materials to a Minor, to be served consecutively to the first 5-year term of probation. The trial court imposed no further penalty for the remaining charges.

---

[2] 18 Pa.C.S §§ 5903(c)(1), 6318(a)(1), 6301(a)(1)(i), 902(a), 901(a), respectively.

On October 30, 2019, following a ***Gagnon II***[3] hearing, the trial court determined that Appellant had violated the terms of his probation[4] that he was serving on the Dissemination of Explicit Sexual Material to a Minor and the Unlawful Contact with a Minor convictions. The trial court revoked Appellant's probation and sentenced him to a term of 1 to 5 years' imprisonment. The trial court explicitly noted that the terms of probation for the Corruption of Minors and Criminal Attempt to Disseminate Explicit Sexual Material to a Minor were not affected.

On November 6, 2019, Appellant filed a Motion to Modify Sentence, which the revocation court denied on November 18, 2019. Following reinstatement of Appellant's direct appeal rights, he timely appealed.

_____

[3] In ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973), the Supreme Court of the United States determined a two-step procedure was required before parole or probation may be revoked:

> [A] parolee [or probationer] is entitled to two hearings, one a preliminary hearing [***Gagnon I***] at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his parole [or probation], and the other a somewhat more comprehensive hearing [***Gagnon II***] prior to the making of a final revocation decision.

***Id.*** at 781-782.

[4] The court determined that this violation occurred because Appellant had been unsuccessfully discharged from sexual offender treatment for not appearing at some of the sessions, had possessed pornography on his cell phone, and had failed to notify his state parole officer that he possessed that particular cell phone.

On September 29, 2020, this Court vacated Appellant's Judgment of Sentence and remanded for resentencing.[5] Following a resentencing hearing, on November 23, 2020, the court reimposed a sentence of 1 to 5 years' imprisonment. Appellant filed a timely Motion to Modify Sentence, which the trial court denied. Appellant timely appealed.

The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, counsel filed a Statement of Intent to File an **Anders**/**Santiago** Brief in lieu of filing a Rule 1925(b) Statement pursuant to Pa.R.A.P. 1925(c)(4). The trial court filed a Memorandum in lieu of a Rule 1925(a) opinion on February 16, 2021.

### Anders Brief

In this Court, counsel has filed an **Anders** Brief challenging the discretionary aspects of Appellant's sentence. **Anders** Brief at 5. In addition, counsel has filed a Motion to Withdraw as Counsel.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements

---

[5] This court determined that the revocation court imposed a sentence of total confinement without explaining the reasons on the record. **See Commonwealth v. Covert**, No. 303 MDA 2020, unpublished memorandum at 4 (Pa. Super. filed Sept. 29, 2020).

established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** at 361.

In addition, counsel must provide a copy of the **Anders** brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the Anders brief.'" **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (quoting **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007)).

Counsel has complied with the requirements of **Anders** as articulated in **Santiago** and supplied Appellant with a copy of the **Anders** Brief and a letter explaining the rights enumerated in **Orellana** and **Nischan**. **See Anders** Brief, Exh. B (Letter, dated March 8, 2021). Accordingly, counsel has satisfied the technical requirements for withdrawal.[6]

---

[6] Appellant did not file a Response.

Having addressed counsel's technical compliance with **Anders**, we will address the substantive issue raised by counsel. In addition, we must conduct "a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Counsel raises the following issue in the **Anders** brief:

> Did the trial court abuse its discreation [sic] in re-sentencing appellant to a term of one (1) to five (5) years of incarceration on the charges of dissemination of explicit sexual material to a minor and unlawful contact with a minor, where the sentence was excessive and unreasonable?

**Anders** Brief at 5 (full capitalization omitted).

**Discretionary Aspects of Sentence**

Here, Appellant challenges the discretionary aspects of his sentence. Specifically, Appellant argues that his sentence, "is manifestly excessive such that it constitutes too severe a punishment where Appellant's probation had not previously been revoked, Appellant was able to explain the presence of the pornography found on his phone, and he was gainfully employed and had a stable address during the time he was supervised." **Id.** at 11-12. He also complains that "the reasons set forth by the sentencing [j]udge were insufficient to justify the imposition of an incarceration sentence when revoking a sentence of probation." **Id.** at 12.

A challenge to discretionary aspects of a sentence is not reviewable as a matter of right. **Commonwealth v. Leatherby**, 116 A.3d 73, 83 (Pa.

Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). **Id.**; **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006).

Appellant timely appealed. Further, Appellant sufficiently preserved at least some aspects of his claim in a Motion to Modify Sentence, which requested a more lenient sentence based on alleged mitigating factors,[7] and included a Rule 2119(f) statement in the **Anders** Brief. **See** Motion to Modify Sentence, 12/2/20; **Anders** Brief at 10. We will proceed, therefore, to consider whether Appellant's claim presents a substantial question or is frivolous.

Whether a substantial question has been raised is determined on a case-by-case basis. **Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super.

_____

[7] Specifically, Appellant requested modification of his sentence because: (1) this was his first revocation; (2) he had maintained employment since his release from prison; and (3) he maintained a stable address. Motion to Modify Sentence, 12/2/20, at 2. Appellant did not request modification on the grounds that he had an explanation for the presence of pornography on his phone or that "the reasons set forth by the sentencing [j]udge were insufficient to justify the imposition of an incarceration sentence when revoking a sentence of probation." **See Anders** Brief at 11-12.

2010). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms [that] underlie the sentencing process." *Id.* (citation and quotation marks omitted).

Appellant here asserts that the trial court imposed an excessive sentence because it did not properly consider mitigating evidence showing that he cooperated with the Commonwealth. *See* Motion to Modify Sentence; *Anders* Brief at 11-13.

It is well-settled that "[a]n allegation that the sentencing court failed to consider certain mitigating factors generally does not necessarily raise a substantial question." *Moury*, 992 A.2d at 171 (citation omitted). Here, our review of the Notes of Testimony from Appellant's November 23, 2020 Resentencing Hearing indicate that, in fashioning Appellant's sentence, the court considered the factors raised by Appellant herein and weighed them against the seriousness of Appellant's conduct that gave rise to the violation. N.T., 11/23/20, at 5-8. Thus, we conclude that Appellant has not raised a substantial question.

Following our review of the issue raised by Appellant in counsel's *Anders* Brief, we agree with counsel and conclude that this appeal is wholly frivolous. In addition, following an independent review of the record, we discern no arguably meritorious issues that warrant further consideration.

Accordingly, we grant counsel's Motion to Withdraw as Counsel and affirm Appellant's Judgment of Sentence.

Application to Withdraw as Counsel granted; Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2021